UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY CHANDLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  No. 1:16-cv-00982-WTL-DKL |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

**I.**

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The question presented by this action for habeas corpus relief brought by Gary Chandler, a state prisoner, is whether the prison disciplinary proceeding he challenges, No. IYC 16-01-274, is tainted by constitutional error.

*Wolff v. McDonnell,* 418 U.S. 539 (1974), prescribes the procedural protections afforded an inmate who faces the loss of earned good time or a demotion in time earning classification.

> Where a prison disciplinary hearing may result in the loss of good time credits, *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563-567.

*Superintendent v. Hill,* 472 U.S. 445, 454 (1985). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by "some evidence." *Id.*

In the present case, the pleadings and the expanded record show that a conduct report was issued on January 15, 2016 charging Chandler with having committed aggravated battery on another offender in a housing unit at the Plainfield Correctional Facility. The charge was based on events which occurred during the evening of December 17, 2015. At that time, as described in a report of investigation, Chandler and three other inmates carried out a vicious attack on the victim. This event was recorded on a video system and Chandler's identification as one of the attackers was confirmed from the video. Chandler was notified of the charges on January 31, 2016, and also notified of his procedural rights in connection with the matters. A hearing was conducted on February 20, 2016. Chandler was present at the hearing and made a statement concerning the charge. His statement was that he was in the area but that he did not touch anybody. The hearing officer considered the conduct report, the report of investigation, Chandler's statement, the video record, and other evidence and found Chandler guilty of aggravated battery. Chandler was sanctioned for this misconduct, and this action was filed after his administrative appeal was concluded.

Applying the requirements of *Wolff* and *Hill* as an analytical template, Chandler received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Chandler was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for

the decision and for the sanctions imposed. Chandler's claims that he was denied the protections afforded by *Wolff* and *Hill* are without merit.

- Chandler argues that authorities failed to follow various policies before and during the challenged disciplinary proceeding. These arguments, however, are insufficient to support the relief he seeks. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). Additionally, Chandler has not identified any irregularity which was prejudicial to the fundamental fairness of the proceeding. These arguments are therefore insufficient to warrant the habeas corpus relief Chandler seeks.

- Chandler also challenges the sufficiency of the evidence. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt." *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989). To be supportable, a decision must "not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although Chandler denies that he participated in the attack, the report of investigation, interview notes, and the video record amply point to Chandler's guilt. *Id.* (in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis"). The minor inconsistencies suggested by Chandler do not compel the rejection of this inference. *See Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence in No. IYC 16-01-274 was constitutionally sufficient. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Chandler to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 1/4/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Gary Chandler
978688
Correctional Industrial Facility
5124 W. Reformatory Road
Pendleton, IN 46064

All electronically registered counsel